UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Fred F. Alaee and Sousan Chaichian, | Case No. 2:24-cv-00581-GMN-EJY |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION**<br>Re: ECF Nos. 1, 1-1, 3, 3-1 |
| Cox Communication Las Vegas, Cox Communications, Inc., Cox Communication LLC, Dr Robert Cree Hamilton, Fox Canyon Estates Homeowner Association, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs' applications to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1, 3, 3-1.[1] Because Plaintiffs fail to allege any basis upon which the Court may exercise jurisdiction, the Court recommends dismissing Plaintiffs' case including the request for IFP status.

Federal courts are empowered to *sua sponte* review whether a case establishes subject matter jurisdiction, and dismiss a case when such jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[2] 28 U.S.C. § 1331; *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law). Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or

---

[1] Plaintiffs filed his IFP application and Complaint twice.
[2] Claims arising under the Constitution, treaties or laws of the United States establish what is commonly referred to as "federal question jurisdiction." *Federal National Mortgage Association v. Lopez*, Case No. C 11-00451 WHA, 2011 WL 1465678, at \*1 (N.D. Cal. Apr. 15, 2011) (quoting, in part, 28 U.S.C. 1331) ("United States district courts have original federal question jurisdiction 'of all civil actions arising under the Constitution, laws, or treaties of the United States.'").

1

value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). By seeking to invoke the Court's jurisdiction, Plaintiffs bear the burden of establishing jurisdiction exists. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiffs' Complaint pleads Plaintiffs as well as Defendants Cox Communication Las Vegas, Dr. Robert Cree Hamilton, and Fox Canyon Estates Homeowner Association are Nevada residents. Therefore, Plaintiffs have not pleaded a case establishing complete diversity jurisdiction. Further, Plaintiffs' Complaint asserts a right to relief only under state law. Plaintiffs plead no claims under the Constitution or laws of the United States. For this reason Plaintiffs fail to plead a federal question claim. In the absence of subject matter jurisdiction, Plaintiffs claims cannot proceed in federal court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (a claim cannot proceed in federal court absent subject matter jurisdiction).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 1, 3) be DENIED without prejudice as moot.

IT IS FURTHER RECOMMENDED that Plaintiffs' Complaint (ECF Nos. 1-1, 3-1) be DISMISSED without prejudice so that Plaintiffs may proceed in the Eighth Judicial District Court for Clark County, Nevada.[3]

Dated this 27th day of March, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[3] Plaintiffs may seek to proceed *in forma pauperis* in the Eighth Judicial District Court for Clark County, Nevada by filing an application for a waiver of costs and fees under NRS 12.015.

3