**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRED F. ALAEE, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:24-cv-00581-GMN-EJY |
| vs. ) | |
| ) | **ORDER ADOPTING** |
| COX COMMUNICATIONS LAS VEGAS, *et.* ) | **REPORT AND RECOMMENDATION** |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Order and Report and Recommendation ("R&R"), (ECF No. 4), from United States Magistrate Judge Elayna Youchah, which recommends dismissing Plaintiff's case for lack of jurisdiction and denying Plaintiffs' applications to proceed *in forma pauperis*, (ECF Nos. 1, 3), as moot.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

Plaintiffs filed a timely objection to the Magistrate Judge's R&R. (Objection, ECF No. 7). The Court will therefore make a *de novo* determination as to whether this Court has subject matter jurisdiction over Plaintiffs' claims. Federal courts are empowered to *sua sponte* review whether a case establishes subject matter jurisdiction and dismiss a case when such jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). Federal district courts "have original jurisdiction of all

1  civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

2  1331; *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002).

3  Federal district courts also have original jurisdiction over civil actions in diversity cases "where

4  the matter in controversy exceeds the sum or value of $75,000" and where the matter is

5  between "citizens of different States." 28 U.S.C. § 1332(a).  "Section 1332 requires complete

6  diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of

7  the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

8  First, the Court finds that no diversity jurisdiction exists.  Plaintiffs' Complaint alleges

9  that Plaintiffs, as well as Defendants Cox Communications, Robert Cree Hamilton, and Fox

10  Canyon Estates Homeowner Association, are all Nevada residents. (Compl. at 1–2).  Because

11  each plaintiff is not a citizen of a different state than each defendant, the Court may not

12  exercise diversity jurisdiction.

13  Second, because Plaintiffs' Complaint alleges only state causes of action, the Court

14  lacks federal question jurisdiction over this case.  The only mention of a federal statute in the

15  Complaint is 21 U.S.C. § 1983, but the Defendants in this case are private parties.  Section

16  1983 does not allow claims to be brought against private parties who were not acting under

17  color of law. *West v. Atkins*, 487 U.S. 42, 52 (1988).  Plaintiffs must allege sufficient facts to

18  show that the private person willfully participated in a joint action with government officials to

19  deprive the plaintiffs of their constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1048 (9th Cir.

20  1989).  Plaintiffs' Objection suggests that additional federal questions have been raised, such as

21  a violation of Title VI of the Civil Rights Act of 1964, but this claim was not brought in their

22  Complaint. (*See* Objection at 3).

23  The Court therefore ADOPTS the Report and Recommendation and dismisses Plaintiffs'

24  Complaint without prejudice.  Plaintiffs are advised that their Complaint would be best brought

25  in a state court, such as the Eighth Judicial District Court, but that Plaintiffs may also refile

their case in federal court if they have additional claims arising under federal law.

Accordingly,

     **IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 4), is **ACCEPTED and ADOPTED** in full.

     **IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

     **IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

     Dated this __9__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court